IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THOMAS J. RICHTER,

        Defendant.

Case No. 3:17-CR-30057-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release (Doc. 84) filed by Defendant Thomas Richter. For the reasons set forth below, the Court denies the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

In 2019, Richter entered a guilty plea on charges relating to receipt of child pornography (Doc. 49), and he was sentenced to a term of 60 months' imprisonment, seven years of supervised release, and assessments totaling $5,100.00 (Doc. 72). Richter filed a motion for compassionate release on January 12, 2021 (Doc. 84), arguing that his health conditions in the context of the ongoing Covid-19 pandemic present extraordinary and compelling reasons justifying compassionate release. The Government opposes the motion, noting that Richter has already contracted Coved and that shortening his sentence would "denigrate the seriousness of the offense and would not provide just punishment" (Doc. 88).

## LEGAL STANDARD

Under the First Step Act, inmates are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). A defendant may be eligible for compassionate release if the Court finds "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The Court also must find that the requested sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Congress has tasked the Sentencing Commission with compiling "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission has specified that certain circumstances surrounding the inmate's medical condition, age, and family situation will constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Sentencing Commission also gives the Director of the Federal Bureau of Prisons discretion to distinguish other grounds that could be extraordinary and compelling enough to merit a sentence reduction, either on their own or in combination with another listed condition. *See id.* at cmt. n.1(D).

If an inmate can show that one of the eligibility criteria is applicable, a court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. Lastly, a court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## ANALYSIS

To start, the Court notes that the Government concedes that Richter is obese, and notes that obesity does increase susceptibility to Covid-19, though it disputes Richter's claims regarding his heart disease and diabetes. Richter's medical records do indicate that he tested positive for Covid in June 2020 and was quarantined, though he appears to have been asymptomatic (Doc. 88-2 at 3).

The Government is correct in noting that the fact that Richter has contracted Covid once would appear to at least diminish the likelihood of a second illness. There is, however, little consensus as to the risk of an individual contracting illness a second time – it appears clear that it is possible to contract Covid more than once, and some individuals may potential face a more adverse case the second time around. Accordingly, the fact that Richter has contracted Covid once does not eliminate the risk.

A more significant obstacle to Richter's motion is an analysis of the § 3553(a) factors. Richter was sentenced to the mandatory minimum for his offense, he is already scheduled for release March 15, 2024, and he has served only a little over 20% of his sentence. His criminal history includes prior charges of aggravated criminal sexual abuse, though those charges were later dismissed and he pled guilty only to battery (Doc. 64 at 7).

While the Court acknowledges that severe obesity is a serious condition, especially in the context of Covid-19, in this case the Court views releasing Richter now as an unacceptable outcome in light of the offense conduct to which he pled guilty. The Court feels that the short period of time that he has served to date is insufficient to satisfy the

§ 3553(a) factors, despite the risk to his health.

## CONCLUSION

Accordingly, the Court **DENIES** Richter's Motion for Compassionate Release (Doc. 84).

**IT IS SO ORDERED.**

DATED:   February 16, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**